United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| JAGANNATHAN MAHADEVAN, | § § | BANKRUPTCY NO. 21-30545 |
| Debtor. | § § § | |
| PREM BIKKINA, | § § | |
| Plaintiff-Appellee, | § § | CIVIL ACTION NO. H-22-4416 |
| v. | § § | ADV. PROCEEDING NO. 21-03054 |
| JAGANNATHAN MAHADEVAN a/k/a JAGAN MAHADEVAN, | § § § § | |
| Defendant-Appellant. | § | |

**OPINION**

This court dismissed Jagannathan Mahadevan's appeal from the bankruptcy court's denial of his motion for judgment on the pleadings. (Docket Entry No. 7). Mahadevan now moves to certify an interlocutory appeal to the Fifth Circuit. (Docket Entry Nos. 8, 9). The court denies Mahadevan's motion for the reasons discussed in its order dismissing the appeal and supplements its reasoning with the following.

Mahadevan argues that his motion in the bankruptcy court should have been granted because "[Prem] Bikkina did not plead any facts in his complaint before the bankruptcy court that Mahadevan's allegations . . . were made with intention to harm or that they were substantially certain to result in injury." (Docket Entry No. 8 ¶ 12). Bikkina's complaint referred to his California state-court complaint. (*Id.* ¶ 10). The California proceeding resulted in a jury verdict finding Mahadevan liable for defaming Bikkina. The issue in the adversary proceeding in the bankruptcy court is whether some or all of that judgment is nondischargeable in bankruptcy

because it reflects "willful and malicious" conduct on the part of Mahadevan. This court previously reversed the bankruptcy court's grant of summary judgment to Bikkina. *See In re Mahadevan*, 617 F. Supp. 3d 654 (S.D. Tex. 2022). The court found that further proceedings were necessary because the California judgment neither proved nor disproved that Mahadevan's conduct was "willful and malicious." *Id.* at 666–67.

The basis for the adversary proceeding is the same conduct underlying the California judgment. Bikkina attached the judgment and complaint in that matter to his complaint initiating the adversary proceeding. *See* Docket Entry No. 1, *Bikkina v. Mahadevan*, No. 21-30545 (Bankr. S.D. Tex. April 14, 2021). The bankruptcy complaint informed both Mahadevan and the bankruptcy court of the factual and legal bases of the claims asserted. Additionally, Mahadevan will have the opportunity to appeal any final judgment issued by the bankruptcy court. *Cf. Skinner v. W. T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981) ("[C]ertification should be allowed if the issues decided on . . . appeal are not likely to be raised by another party in a subsequent appeal and an early determination is not likely to prejudice that party's rights.").[1]

The motion is denied. (Docket Entry No. 8).

SIGNED on July 10, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] The Fifth Circuit's opinion in *In re Ichinose*, 946 F.2d 1169 (5th Cir. 1991), does not show that this court erred in dismissing Mahadevan's appeal. The *Ichinose* court merely confirmed that the district court, in its discretion, may grant leave to hear an interlocutory appeal from the bankruptcy court. *Id*. at 1176–77.